

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 19, 1990

Dr. W. N. Kirby
Commissioner of Education
Texas Education Agency
1701 N. Congress Avenue
Austin, Texas  78701-1494

Opinion No. JM-1265

Re:    Whether certain funds
from school-related activities
may be  used by a school  dis-
trict  to provide scholarships
for graduates (RQ-2092)

Dear Dr. Kirby:

You ask whether, in the absence of a donation,  locally
derived monies that have  become public school property  may
be used  for  college  scholarships awarded by  the  public
school  district.    Specifically,  you  refer  to  so-called
"activity funds" or  "agency funds," which  you describe  as
the funds considered by this office in an earlier, unrelated
opinion, Attorney  General Opinion  JM-42 (1983).    In  that
opinion, these funds were described as follows:

> [T]hose monies belonging to various organiza-
> tions   such   as   the   PTA   (Parent-Teachers
> Association), school bands, drill team clubs,
> and athletic booster clubs which are held  by
> a school  district  for safekeeping  and  ac-
> counting.   The  monies are  not derived  from
> taxes  but  are  generally  obtained  by   an
> organization through solicitation of  contri-
> butions, promotions and similar functions for
> the sole  benefit of  the organization,  with
> such monies being the property of the  organ-
> ization and  not the  school districts.    The
> school district merely  acts as custodian  of
> the monies.

You advise  that, in  addition to  the above  described
funds, "activity funds" or "agency funds" may include  funds
generated by a public school from class ring sales,  photos,
student club  and  class  balances,  and  other  activities.
According to your letter,

[p]ublic schools have varying arrangements with patron/student groups. In some cases surplus monies are transferred to the district and become district property under the terms of the custodial agreement; in other cases the monies remain the property of the patron/student organization and surplus can be donated to the district.

As an example, you enclose a letter from the superintendent of the Aldine Independent School District to the Texas Education Agency that describes the following fact situation:

The district manages agency funds generated by school activities. The district keeps a ledger record of the monies deposited from each activity. These commingled monies are to be used for their students, and the balance remaining in the single interest-bearing bank account is carried forward from year to year.

The superintendent's letter goes on to inquire whether interest accruing on the funds in the above-described account may be used for college scholarships. You do not explain how the interest accrued on the account described in the superintendent's letter becomes the property of the school district, but presumably, it is by contractual agreement and not by donation.[1]

---

1. Section 21.903 of the Education Code provides, in part:

(b) The funds or other property donated or the income therefrom may be expended by the trustees:

(1) for any purpose designated by the donor so long as that purpose is in keeping with the lawful purposes of the schools for the benefit of which the donation was made; or

(2) for any purpose authorized by rule
(Footnote Continued)

Section 20.48 of the Education Code prescribes the purposes for which funds of the public free school system may be expended. Subsection (c) of that section enumerates purposes for which "[l]ocal school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources" may be used. (Emphasis added.) In addition to the purposes specifically enumerated, subsection (c) provides that such funds may be used "for other purposes necessary in the conduct of the public schools to be determined by the board of trustees." (Emphasis added.)

You suggest that an expenditure for scholarship purposes would not appear "necessary" to conduct a public school. Certainly such an expenditure is not "necessary" if necessary is taken to mean "indispensable." However, the word necessary as used in section 20.48 and its predecessor statute, article 2827, V.T.C.S., has been construed as permitting such expenditures as medical inspection, cafeterias, crossing guards, and the reimbursement of certain expenses incurred by school board members. See Moseley v. City of Dallas, 17 S.W.2d 36 (Tex. Comm'n App. 1929, judgm't adopted); Bozeman v. Morrow, 34 S.W.2d 654 (Tex. Civ. App. - El Paso 1931, no writ); Attorney General Opinions JM-490 (1986); H-133 (1973). Other examples could be cited. None of the expenditures in these examples is, strictly speaking, indispensable to the conduct of a public school. In the context of section 20.48, "necessary" appears to mean appropriate or conducive to the conduct of a public school rather than indispensable thereto. Accord Black's Law Dictionary 928 (6th ed. 1990) (definition of "necessary").

Determining whether an expenditure is necessary is a matter for a school board in its sound discretion. Attorney General Opinion H-133. Moreover, any expenditure of public funds must serve a true public purpose and not merely private ends. Tex. Const. art. III, § 51; see G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis 229-36, and authorities cited therein.

---

(Footnote Continued)
   of the State Board of Education in the event that no specific purpose is designated by the donor.

The encouragement and motivation of students in academic achievement would seem to be an appropriate function of the public free schools. Accordingly, it is not possible to say, as a matter of law, that a scholarship could not be structured to further the achievement of a legitimate public purpose of a school district in its conduct of the public schools. The use of "activity funds" or "agency funds" not being otherwise restricted, they may be used for college scholarships found to be "necessary in the conduct of the public schools" within the meaning of section 20.48 of the Education Code. The authority to make such a determination of fact has been delegated by the legislature to the board of trustees.

## S U M M A R Y

In the absence of a donation, monies derived from various organizations such as the PTA, school bands, drill team clubs, and athletic booster clubs or generated by a public school from class ring sales, photos, student club and class balances, and other activities ("activity funds" or "agency funds") that have become public school property may be used for college scholarships awarded by the public school district if such scholarships are found to be "necessary in the conduct of the public schools" within the meaning of section 20.48 of the Education Code. The authority to make such a determination of fact has been delegated by the legislature to the board of trustees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

**RENEA HICKS**
**Special Assistant Attorney General**

**RICK GILPIN**
**Chairman, Opinion Committee**

**Prepared by John Steiner**
**Assistant Attorney General**